Curia per
Coucock, J.
In this case the motion must be granted. It cannot be doubted that the defence was a good one. If a man lease a house for a year, and during the term it is rendered untenantable by a-storm, the rent ought to be apportioned according to the time it was occupied. This, is a principle of natural justice which is recognized by all the books which treat on the subject of rent. In 6 Bacon, page $0, it is said, “ it seems to be extremely reasonable that if the use of the thing be entirely lost or taken away from the tenant', the rent ought tobe abated or apportioned; because the title to the rent is founded on the presumption that the tenant enjoys the thing during the contract, and therefore, if part of the land be surrounded or covered with the sea, this being the act of God, the tenant shall not suffer by it, because the tenant without his default wants the enjoyment of part of the thing which was the consideration of his paying the rent; nor, has the lessor reason to complain, because if the land had been in his own hands, he must have lost the *450 benefit of so much as the sea had covered.” But it fe said, on the other hand, that if one leases a house for a . term, and there be no special contract as to repairs, that the loss must fall on the tenant, for he is quasi the owner for that period, and he cannot, or ought not to complain of the act of God ; and the cases of Belflour vs. Weston, 1 Term Rep. 312; Monk vs. Cooper, 2 Lord Raymond, 1477; and the same case reported in 2 Strange, 762, more paticu'larly, did seem to give some support to this view of the subject. But upr.n an examination it will be found that they do not sustain the position, but only go to show that where there are mutual independant covenants that each must rely on his own, and that the lessee will not be permitted to set off the landlord’s covenant to repair against an action for the rent. In the two first Reports, it is said broadly that the tenant must pay the rent, even where a house is burnt; but in the case as reported in Strange, it is clear that it is placed on the ground of the independant covenants; for the Court say, if the defendant has any injury he will have his remedy, but he cannot set it off against the demand for rent. The plaintiff must have judgment. And this brings me to the only question now to be considered, which is, whether this defence can be made in this case under\he plea of, no rent in ar-rear. I am satisfied that it can be; for we have relaxed very much the rigidity of the rules of pleading, and have allowed as a defence to a bond matter which did affect the consideration of a bond, as in the case of Thurston and Ballinger, and the plea is in fact a plea of nil debet, under which it is clear that the defence would be good.
In the case of Warner, et. al. vs. Theobald, Cooper and -, which was an action of debt for rent, the defendant pleaded riens in arrear, and the plaintiff demurred. Mr. Buller, for the demurrer, contended that the plea was bad, because it was calculated to surprise the plain *451 tiff, for he could not tell whether the defendant would deny the lease, or set up a payment before or since the action brought; for it only says, “ nothing is in arrear,” which must relate to the tipie of the plea pleaded, but it might be in arrear, before and at the. time of the action brought. Mr. Woodj contra, among other things, contended that “ riens in arrear,” is a fairer plea than nil debet, because nil debet puts the whole declaration in issue, whereas this confines the question to the fact, whether such rent was due; yet nil debet would have been a good plea. Hard. 332; Lord Ray. 1503; Buffer’s N. P. 170. Indeed, between nil debet, and riens in ar-rear, there is no substantial difference. In.replevin, the latter is the constant plea. Lord Mansfield, said .Mr. Wood, had fully-satisfied him. '£C Nothing can be clearer than the present case. The declaration says there is so much rent in arrear. — The plea says there is not.. The saying there is nothing in arrear, is the same as if he had said nil debet, and it is absurd to suppose that it relates to the time of the plea, and not to the action. Besides, it is a more favourable plea for the plaintiff — it is an answer to the action. The action is in the present tense— so is the plea. It is the general issue. If the rent was due, and is not at the time of the plea* it could not have ceased to be due except by the plaintiff’s receiving it, and if so, he waves the action though it was -well brought at the' time.” This case is conclusive, for if we consider the plea, then the evidence offered should have been admitted, and the defence heard. And I do not think there is that danger of surprise which seems to be apprehended, for such a fact as the injury complained of was not likely to escape the knowledge of the plaintiff, and in this case defendant offered to prove that lie called on him to repair. It is certainly more convenient to suffer a matter which would operate as the foundation of a separate action *452 to be given in evidence by way of defence, and should always be done, when it does not operate as a surprise.

Motion grunted.

Nott, J.
Whether the rent ought to have been appor-. tioned or not, is a question on which I give no opinion,, because the question is not submitted to us. But 1 am of opinion the e 'dence offered was admissible under the plea.